[No. 420.    September 4, 1894.]

## E. D. BULLARD, PLAINTIFF IN ERROR, v. LORENZO LOPEZ, ASSIGNEE, DEFENDANT IN ERROR.

PROMISSORY NOTE—PLEA OF LIMITATION—PAROL PROMISE OF PAYMENT—
  CONSTRUCTION OF STATUTES.—In a suit on a promissory note, to
  which defendant pleaded non assumpsit, and the six year statute of
  limitation, where there was evidence tending to show a parol prom-
  ise, by defendant, to pay the note, made before the expiration of
  the period of limitation,—Held:  Section 1873 of the statute, pro-
  viding that "causes of action founded on contract shall be revived by
  an admission that the debt is unpaid, as well as by a promise to pay
  the same; but such admission or new promise must be in writing,
  signed by the party to be charged therewith," applies to acknowledg-
  ments and new promises made during and subsequent to the running
  of the period of limitation, and evidence tending to show a parol
  promise of payment, made before the expiration of the six year
  period of limitation, is not available as a new promise.

ID.—NON ASSUMPSIT INFRA SEX ANNOS, ETC.—REPLICATION—PLEADINGS.
  In such action, where defendant pleaded "non assumpsit infra sex
  annos," etc., instead of "non accrevit," etc., to which plaintiff might
  have successfully demurred, but instead thereof replied, the replica-
  tion filed and issue joined thereon cured the defect, and the court,
  instead of instructing the jury to find for the plaintiff, should have
  instructed for the defendant.

ERROR, from a judgment in favor of plaintiff, to
the Fourth Judicial District Court, San Miguel County.
Judgment reversed, and judgment rendered for plain-
tiff in error.

The facts are stated in the opinion of the court.

FRANK SPRINGER for plaintiff in error.
VOL. 7 N. M.—36

The court should enter final judgment in favor of plaintiff in error under section 2190, Compiled Laws, 1884.

An acknowledgment, or new promise, to be effectual to revive a debt, must be unqualified and unconditional. Wood, Lim., p. 183–185, et seq.; Angell, Lim., sec. 235, et seq.

It must also relate to the identical debt, and this must clearly appear. Angell, Lim., sec. 238.

The word "revived" has been used in the discussions as applicable indifferently to cases where the promise was made before as well as after the bar. Wood, Lim., secs. 64, 65, 81; Briskoe v. Anketell, 28 Miss. 361; Wheelock v. Doolittle, 18 Vt. 440. See, also, Chitty on Con. 821; Penley v. Waterhouse, 3 Iowa, 434, 435.

Where a statute has received a judicial construction in one state and is afterward adopted by another, it is taken with the construction which has been so given it. Draper v. Emerson, 22 Wis. 144.

Chapter 116 of the Iowa revision of 1860, which is similar to the New Mexico statute of limitation, particularly to sections 1860, 1873, has been repeatedly construed by the supreme court of Iowa. See Parsons v. Carey, 28 Iowa, 431; Price v. Price, 34 Id. 404; Palmer v. Butler, 36 Id. 576; Lindsey v. Lyman, 37 Id. 206; Hale v. Wilson, 30 N. W. Rep. Iowa, 739.

T. B. CATRON for defendant in error.

COLLIER, J.—The case in the court below was an action of assumpsit, wherein defendant in error, as assignee of one Andres Sena, brought suit against plaintiff in error, as a member of a partnership doing business under the firm name of Rupe & Bullard, upon a promissory note made by said firm, dated June 5, 1883, due sixty days after date, and being for the sum of $1,475.44, with interest at the rate of one and one

half per cent per month. The action was begun on October 14, 1889, and by a second count in the declaration plaintiff averred a parol promise by the defendant, made to plaintiff's assignee on November 10, 1885, to pay the amount of said note and interest, and that "by said parol promise and undertaking the said defendant became liable to pay the said Andres Sena the sum of money mentioned." There is an averment of the said Sena making a general assignment for the benefit of his creditors on July 3, 1886, and of the same being duly recorded, and of assignee succeeding to all rights. Defendant filed two pleas,—one of non assumpsit, and the other that he did not, at any time within six years next before the commencement of the plaintiff's action in this behalf, undertake and promise, etc. There was a similiter to first plea, and replication to the second, and similiter thereto. On the trial, plaintiff introduced the firm note in evidence, and the testimony of Andres Sena of a conversation between him and the defendant in February, 1884, showing an oral promise by defendant to pay said note. This testimony was objected to on the ground that "it would not be competent evidence to remove the bar of the statute of limitations." There was also testimony showing calculation of interest which, added to the principal, made $3,113.17 due on the day of trial. The assignment of Sena to Lopez was put in evidence. Plaintiff here closed, and defendant, by his attorney, moved the court "to instruct the jury to find for the defendant upon the ground that the note is barred by the statute of limitations, and that there has been no competent or relevant evidence to take it out of the statute." The court instructed the jury to find for the plaintiff in the sum of $3,113.17, which they did. Other questions are raised, relating to alleged failure by plaintiff to show that defendant was a member of the firm of Rupe & Bullard, and to the admissibility of the deed of assignment.

It is deemed necessary to notice the contention
PROMISSORY note:
limitation: parol
promise of pay-
ment: construc-
tion of statutes. made by the counsel, respectively, upon
the plea of the statute of limitations filed
in this cause, and to do this intelligently
we quote such parts of our law as apply:

"Sec. 1860.   The following suits or actions may be
brought within the time hereinafter limited, respec-
tively, after their causes accrue and not afterwards—
except when otherwise specially provided." * * *

"Sec. 1862.   Those founded upon any bond,
promissory note, * * * within six years."

Several sections here intervene, prescribing the
limitation for various causes of action, and then occurs
the following:

"Sec. 1873.   Causes of action founded upon con-
tract shall be revived by an admission that the debt is
unpaid, as well as by a promise to pay the same; but
such admission or new promise must be in writing,
signed by the party to be charged therewith·"

The contention of plaintiff in error is that section
1873 refers to acknowledgments and new promises
which occur both before and after the bar of the statute
has attached, and that the testimony showing parol
promise is irrelevant, and of no legal effect.   The con-
tention contra is that the section refers only to actions
already barred, and to be "revived" in the manner
specified.   If this contention be admitted, counsel for
defendant in error then claims that new promises, made
prior to the running of the statute, remain good as at
common law.   If the contention of plaintiff in error is
sound, the latter proposition of defendant in error falls
with his first.   In volume 13, at page 758, of the
American and English Encyclopedia of Law, title
"Limitations, Statute of," the text reads "that it is
immaterial whether the new promise relied on is before
or after the bar of the statute has fallen.   In either
case it sets the statute running afresh."   A great many

decisions of the courts of different states are cited, and
upon examination they are found to bear out the text
to which they are cited. To the same effect is the
doctrine laid down in Wood on Limitation of Actions,
at section 81. In the Missouri statute the words are
"shall be evidence of a new or continuing contract,"
and the repeated argument was there advanced that,
under such words, promises made prior to the bar of
the statute attaching were not embraced in the statute.
But the decisions of that state are uniform against such
a contention. We cite the last of those decisions that
we have examined. Chidsey v. Powell, 91 Mo. 622.
The argument on such a statute would seem to be that
it could not be contended that there was any evidence
of a new or continuing contract, the old one being not
yet barred, because at the time of the supplying of such
evidence it was not needed, the old contract being suf-
ficient of itself, and needing nothing of evidence to
rehabilitate, or, as we may say, "revive" it. The use
of the word "new," it seems to us, just as much as the
word "revive," found in our statute, might imply that
the old promise has been revitalized, if that is to-day
described as "new" which yesterday was "old." Run-
ning back through the Missouri cases, we find that the
decisions of many other state courts are cited, con-
struing statutes similar in language, and these courts
put similar construction thereon. Though it has been
often contended for, our attention has not been called
to any decided case construing any statute in this
country where provision is made for causes of action
being reestablished after the attaching of the bar of the
statute of limitations, so as to exclude from its applica-
tion the period before bar. For decisions upon a
statute nearly identical in language to ours, we are
referred to the supreme court of Iowa. The case of
Lindsey v. Lyman, 37 Iowa, 206, is directly in point.
In that case, as in the one at bar, the contention turned

on the meaning to be given to the word "revived," one side asserting that "revived" meant to bring again to life, as a cause of action dead by the statutory bar; and the other for a less strict interpretation and a less limited sense, to include both the revitalization of a dead cause of action and the restoring of the lapsed period of its statutory life. This was expressly held in Lindsey v. Lyman, supra.

It is claimed by the plaintiff in error that it is apparent, from the similarity of the language employed in the Iowa and our statute, that we adopted the Iowa statute with the construction placed on it up to the time of such adoption; and he cites for this contention Draper v. Emerson, 22 Wis. 147. In answer both to this contention and, we may infer, also to the doctrine cited from 13 Am. and Eng. Encyclopedia Law, and Wood, Lim. Act., supra, counsel for defendant in error claims that such construction is in derogation of common law, and not applicable to New Mexico, where the common law is made "the rule of practice and decision." Comp. Laws, sec. 1823. It is not our view that this statutory requirement imposes so stringent a rule of policy as its exact terms imply. For example, where we find the general policy in this country to make contractual obligations renewable in the same manner before as after the bar of the statute attaches, we think some consideration in construction should be given to that fact when we incorporate into our law a statute of this kind from a sister state. Without undertaking to say what might be our decision upon the meaning of the word "revive," were we attempting a construction in harmony with the common law, we think that the fact of the general policy of this country, and the principle recognized by this court in Armijo v. Armijo, 4 N. M. 65, of adoption of construction of a statute of another state or territory along with the statute itself, are sufficient to make us

conclude that our statute applies to acknowledgments and new promises made both during and subsequent to the running of the period of limitation. So holding, we decide that the testimony tending to show a parol promise made before the six-year period of limitation expired did not avail as a new promise.

It is urged, however, that the plea interposed in this case being "non assumpsit infra sex annos," instead of "non accrevit," etc., presented an immaterial issue, and that in effect no plea of the statute of limitation was filed. It is true that our statute prescribes a limitation of actions "after their causes accrue." Section 1860. It is laid down in the books on pleading, also, that to all simple contracts the plea of "non accrevit," etc., is always the safer plea, and that, where obligation of performance is not coincident with promise, it is the only proper plea. If "non assumpsit," etc., is pleaded instead of "non accrevit," etc., a demurrer will lie, even though it appears on the face of the pleadings that the action is barred, even from the date of accrual. 3 Chit. Pl. 258; Banks v. Coyle, 2 A. K. Marshall (Ky.), 564. In this case no demurrer has been interposed, but replication was filed and issue joined on it. Does this cure the fault? In 1 Chit. Pl. 456, we find that in the case of a plea in abatement so fatally defective that the plaintiff might either sign judgment, apply to have the court set the plea aside, or demur generally, if he replies to it instead of doing either of these things, the fault is aided. It is also laid down in Angell on Limitations (see sec. 290) that if "non assumpsit," etc., instead of "non accrevit," etc., was put in, and plaintiff replied a new promise, and gave evidence in support of his replication, the issue, though informal, was held to be material in a case where neither the promise nor the accruing of the action was within six years. We think, therefore, that, though plaintiff might have successfully

demurred to the plea of the statute filed in this case, his not doing so has presented a material issue, and, for the reasons above stated, the court below should, instead of instructing the jury to find for the plaintiff, have instructed for the defendant. This holding being conclusive between the parties of the entire controversy, we reverse the judgment of the lower court, and render judgment in favor of plaintiff in error, and for his costs; and it is accordingly so ordered.

SMITH, C. J., and FALL, LAUGHLIN, and FREEMAN, JJ., concur.