BISHOP et al. v. PARKER et al.
In re AMASSA GOLD MINING CO.
McNEELY v. WOOD.

No. 6511.   Decided February 19, 1943.   (134 P. 2d 180.)

*Cline, Wilson & Cline,* of Milford, for appellant.

*J. A. Melville,* of Salt Lake City, for respondents.

MOFFAT, Justice.

The issues in this cause arise out of the rejection by the receiver of a claim for legal services alleged to have been rendered the corporation by the claimant, and action thereon, and judgment in favor of the claimant, C. D. McNeely, by the Fifth Judicial District Court of the State of Utah, and against J. R. Wood, receiver of the Amassa Gold Mining Company. The case was tried without a jury.

C. D. McNeely will be referred to herein as "claimant." He was the only witness. He claimed $500 for legal services on the items set forth in a bill of particulars.

We shall first examine two items sharply contested by appellant receiver. These items are for $250 and $25, respectively. It is shown that in 1931, four of the persons interested in certain mining claims arranged with the claimant for the preparation of articles of incorporation and deeds of transfer of the proposed incorporators' interests in the mining claims to the proposed corporation. The papers were prepared. A change of plan then took place. The papers prepared by claimant were taken or sent to California, where articles of incorporation were prepared for a corporation under the laws of California, instead of under the laws of Utah, the same name and the deeds being used with necessary changes being made. This work and the perfecting of the corporate organization was performed in California by other counsel.

According to the bill of particulars, the charge for the item of $250 was made December 20-29, 1931, and for the item of $25, December 31, 1931. We separate these two items from the others because they were preorganization services and unless subsequently ratified or approved by corporate action, no liability would attach to the corporation. *Tanner* v. *Sinaloa Land & Fruit Co.*, 43 Utah 14, 134 P. 586; *Wall* v. *Niagara Mining Co.*, 20 Utah 474, 59 P. 399; *Murry* v. *Monter*, 90 Utah 105, 60 P. 2d 960.

There is no evidence of any corporate action being taken by the California corporation after its organization or after its qualification to do business in Utah, or at all, to ratify or approve these claims. The claimant's undisputed testimony as to the services rendered does not indicate any ratification of the employment. No statement of account was ever made to the corporation, or claim made for any services until the claim was presented to the receiver.

The trial court was in error in allowing these two items aggregating $275.

Claimant claimed the sum of $500 upon the theory of an open, running account. It was apparently upon this theory that the trial court included these two items. No evidence sufficient to bridge the gap from the promoters' understanding, if such there were, and any corporate ratification or approval of the claims or services, is found. The other items are contested, except the three $1 items admitted by the receiver.

Appellant receiver claims all the other items of claimant for services (including the two items herein before discussed, but not ratified) are barred by the statute of limitations, Sec. 104-2-23, R. S. U. 1933, as amended by Chap. 113, Session Laws Utah 1935, which reads as follows:

"Within four years:

"An action upon a contract, obligation or liability not founded upon an instrument in writing; also on an open account for goods, wares and merchandise, and for any article charged in a store account; also on an open account for work, labor or services rendered, or materials furnished; *provided*, that action in all of the foregoing cases may be commenced at any time within four years after the last charge is made or the last payment is received."

Claimant contends that none of the items of his bill of particulars and amended bill is barred. The charges claimed to have been made were all for legal services. Without here specifying what services were rendered, the dates and amounts are as follows:

| | |
|---|---|
| 12-20 to 29-31 | $250.00 |
| 12-31-31 | 25.00 |
| 2-15 to 3-25-33 | 50.00 |
| 2-16-33 | 10.00 |
| 2-24-33 | 10.00 |
| 2-8-33 | 2.50 |
| 4-1-33 | 25.00 |
| 4-1-33 | 1.50 |
| 4-2-33 | 10.00 |
| 4-5-33 | 15.00 |

| | |
|---|---|
| 4-16-33 | 10.00 |
| 5-20-33 | 10.00 |
| 6-26-33 | 1.00 |
| 9-12-33 | 2.00 |
| 9-19-33 | 3.00 |
| 9-21-33 | 2.00 |
| 9-25-33 | 15.00 |
| 10-2-33 | 2.00 |
| 10-2-33 | 10.00 |
| 6- -34 | 1.00 |
| 6- -35 | 1.00 |
| 6-25-35 | 20.00 |
| 7-9-35 | 20.00 |
| 6- -36 | 1.00 |
| 6- -37 | 1.00 |
| 6-27-37 | 10.00 |
| 6- -38 | 1.00 |
| 6-26-40 | 1.00 |
| 6-26-40 | 1.00 |

The question is determined by the construction of the statute above quoted. The 1935 amendment included the following words not theretofore part of the section,

"also on *an open account* for work, labor or services rendered, or materials furnished." (Italics added.)

Claimant relies upon this statute, and claims that none of the items for services is barred because the last charge was made within the four-year period.

Appellant contends that the words in the statute, "also on an open account for work, labor or services rendered, or materials furnished," do not apply, first, because claimant did not plead or prove "an open account"; secondly, in the absence of such intention, attorney's fees do not constitute "an open account"; and thirdly that the charges of $1 for each of the last three items have no connection with prior legal services.

Claimant stated in his testimony that he was not employed upon a general retainer basis. He did, however, say that there was a general understanding he would be paid when the property was sold. The property came so close to slipping away from the company and its stockholders that, but for the suit by minority stockholders and the appointment of a receiver, claimant's claim would have slipped away from him entirely. However, when an admitted service has been rendered and not paid for, natural justice makes a strong appeal.

Before the statute was amended, it contained the words, "an open account." Those words are used in the same sense as in the statute before its amendment, and as defined in adjudicated cases. In 1925, ten years before our statute was amended, in the case of *Spencer* v. *Sowers*, 118 Kan. 259, 234 P. 972, 973, 39 A. L. R. 365, the Supreme Court of Kansas indicated they had no statute specifically defining or governing what "an open, running" account was. We have to look elsewhere than the statute, except that presumptively when the term "an open account" is used more than once in the same statute, unless a manifest difference requires a different meaning to be attached, the words carry the same meaning.

In the *Spencer* v. *Sowers* Case, supra, this is said:

"A mutual, open, current account may be defined as an account usually and properly kept in writing wherein are set down by express or implied agreement of the parties concerned a connected series of debit and credit entries of reciprocal charges and allowances, and where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits or credits are made thereto, until it shall suit the convenience of either party to settle and close the account, and where pursuant to the original, express, or implied intention there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits, which liability is to be fixed on the one part or the other as the balance shall indicate at the time of settlement or following the last pertinent entry of the account. *Carney* v. *Havens*, 23 Kan. 82; *Waffle*

v. *Short,* 25 Kan. 503; *Grisham* v. *Lee,* 61 Kan. 533, 60 P. 312; *Udall Mill. Co.* v. *[Atchison, T. & S. F.] R. Co.,* 82 Kan. 256, 108 P. 137; *[Rock Milling &] Elevator Co.* v. *[Atchison, T. & S. F.] R. Co.,* 98 Kan. 478, 158 P. 859; note to *Goodsole* v. *Jefferey,* 202 Mich. 201, 168 N. W. 461, 1 A. L. R. 1057, 1060-1074; note to *Hodge* v. *Manley,* 25 Vt. 210, 60 Am. Dec. 253, 258; Buswell on Limitations and Adverse Possession, § 194; 1 C. J. 598 et seq.; 25 Cyc. 1118; 17 R. C. L. 804."

In the instant case the items of the account drifted along for ten years without demand for payment or a credit. The evidence tends rather to show that each item, if not constituting a separate employment, was susceptible of that interpretation. There seems to be no question as to the good faith of claimant. In fact, there was probably no chance to collect by claimant except by suit and resort to the property.

Nevertheless, we are of the opinion the claimant neither pleaded nor proved "an open account" as contemplated by the statute. If it be conceded that a series of charges for unrelated items, except that they are rendered to ■ the same party against the other, with no credits or counter-charges, constitute "an open account" then claimant, aside from the failure to plead an open account, would be entitled to recover. This would open a door we think not contemplated by the statute.

It is generally held that attorney's fees, in the absence of intention or agreement to the contrary, attach to specific cases or items of work. Under Sec. 6-0-40, R. S. U. 1933, attorneys are given a lien for services upon the ■ causes of action from the time of the commencement of the action. Compensation of attorneys under the same section are governed by agreement express or implied and are not restrained by law.

The first two items of $250 and $25 heretofore found not to have been rendered for or approved by the corporation after incorporation cannot be allowed. They are not claims against the corporation. The other items set forth are barred by the statute except the last three items of $1 each. These

items are for preparing and posting notices of intention to hold claims.

Except as to the sum of $3, judgment is reversed. Costs to appellant.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

HOYT, District Judge, having disqualified himself, did not participate.

PRATT, J., on leave of absence.