This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 30,180**

**ERNEST GUTIERREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant has appealed from the district court's order revoking his probation.

We issued a notice of proposed summary disposition, proposing to affirm. Defendant

responded to our notice with a memorandum in opposition and a motion to amend. We granted the motion to amend and issued a second notice of proposed summary disposition, proposing to affirm in part and reverse in part. Defendant filed a second memorandum in opposition to our second notice. The State filed a response to our second notice, indicating that it does not oppose summary reversal for the district court to correct the judgment and sentence and that it agrees with the entire analysis in our second notice. We affirm in part and reverse in part.

**Reversal for Correction of the Judgment and Sentence**

In his motion to amend, Defendant argued that he was denied effective assistance of counsel, pointing out that his attorney failed to notice that the judgment and sentence erroneously sentenced him to nearly 3,285 years. [MIO 3-7; RP 163 (CR-2006-03380)] As Defendant recognizes, the second page of the judgment and sentence states that he is to serve only 1523 days. [MIO 3; RP 164 (CR-2006-03380)] Nevertheless, he argued that the language on the first page of the judgment and sentence was a glaring error that needed to be corrected. [Id.] We agree. Therefore, we reverse and remand for the district court to correct the judgment and sentence.

**Ineffective Assistance of Counsel**

Our notice proposed to disagree, however, that this error in overlooking inconsistencies in the judgment and sentence constitutes ineffective assistance of

2

counsel in a manner that entitles him to a new trial. "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). We stated that Defendant had given us no indication that the error in the judgment and sentence affected his entire trial in a manner that would have changed the result of the proceedings. *See State v. Roybal*, 2002-NMSC-027, ¶ 25, 132 N.M. 657, 54 P.3d 61 ("Counsel's deficient performance must represent so serious a failure of the adversarial process that it undermines judicial confidence in the accuracy and reliability of the outcome.").

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*Id.* ¶ 19.

Defendant asserted a list of nonspecific errors of his counsel at the probation revocation hearing and did not offer any showing as to how, without the alleged

3

errors, the result would have been different. [MIO 3-4] Therefore, we proposed to hold that these alleged errors did not establish a prima case of ineffective assistance. In response to our second notice, Defendant does not set forth any new factual or legal argument to support his claims. Therefore, we hold that these alleged errors do not constitute ineffective assistance of counsel.

Lastly in his motion to amend, Defendant made several arguments concerning his plea agreement as to the charge of driving without a license. He argued he was denied effective assistance of counsel because his counsel did not ask whether Defendant was made aware of the consequences of entering a plea of no contest to the offense, which formed the basis for the probation violation proceedings. [MIO 5] Defendant argued that because a no contest plea cannot form the basis for a probation violation, further inquiry into the plea was warranted at the probation violation hearing. [Id.]

We observed several problems with these arguments, the most important of which is that there is no evidence in the record to support Defendant's contention that he pled no contest. "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296. Appellate counsel astutely recognized that Defendant's claims were not developed below, and that

4

neither the record nor the representations of trial counsel indicate that Defendant pled no contest. [MIO 5-6]

We noted that we agreed with Defendant that a plea of no contest is not a sufficient basis for a probation revocation proceeding, under *State v. Baca*, 101 N.M. 415, 417-18, 683 P.2d 970, 972-73 (Ct. App. 1984). Also, evidence of a conviction based on that plea alone may not be sufficient to prove a probation violation with reasonable certainty. *See* Rule 5-304(G) NMRA; *State v. Vincent*, 2005-NMCA-064, ¶ 43, 137 N.M. 462, 112 P.3d 1119; *State v. Marquez*, 105 N.M. 269, 271, 731 P.2d 965, 967 (Ct. App. 1986). Nevertheless, without a record that contains the nature of Defendant's plea, we explained that we do not have a sufficient factual basis upon which to judge his claim of ineffective assistance of counsel. "It is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal." *State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988). We explained that if Defendant wishes to pursue this claim, he should do so in a petition for habeas corpus, where he can develop the necessary predicate facts. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

In response to our second notice, Defendant agrees, upon consultation with trial counsel, that there is no evidence of the plea that will appear in the record and that he can raise this matter in habeas proceedings. Nevertheless, under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant maintains that he should be given a new trial. [Defendant's second MIO 1] We disagree. There is an insufficient factual basis upon which to predicate a new trial. We encourage Defendant to pursue this claim in habeas corpus proceedings.

**Sufficiency of the Evidence to Support Revocation**

Defendant continues to argue that insufficient evidence was presented to support the district court's finding that he violated the terms of his probation by his conviction for driving without a license. [DS 4; Defendant's second MIO 2] He pursues this claim under *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6.

"[P]roof presented at probation revocation hearings need only establish reasonable certainty to satisfy the trial court of the truth of the violation, and need not be proof beyond a reasonable doubt." *State v. Sanchez*, 2001-NMCA-060, ¶ 11, 130 N.M. 602, 28 P.3d 1143. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable

inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

As we stated in our second notice, our review of this issue is constrained by the record on appeal in the same manner as it is for Defendant's claim of ineffective assistance of counsel. Matters not of record cannot be reviewed on appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984). "Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." *State v. Rojo*, 1999-NMSC-001 ¶ 53, 126 N.M. 438, 971 P.2d 829 (filed 1998) (internal quotation marks and citation omitted). Accordingly, we proposed to presume that Defendant entered a guilty plea and that conviction entered supports the revocation of Defendant's probation.

In response to our second notice, Defendant does not assert any new factual or legal argument. We are not persuaded that Defendant has established error in the revocation of his probation.

For the reasons stated in this opinion and in our second notice, we affirm in part and reverse in part for the district court to correct the judgment and sentence.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**ROBERT E. ROBLES, Judge**