[No. 2667. May 23, 1922]

## PICACHO CATTLE CO. v. A., T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.

(1) The office of a bill of particulars is to furnish information necessary to a proper answer and preparation for defense, and ordering the bill is discretionary with the court. P. 139

Picacho Cattle Co. v. A. T. & S. F. Ry. Co., 28 N. M. 138

(2)   In action against railroad for conversion of cattle, in which the complaint did not state the place of conversion, and plaintiff was ordered to furnish a bill of particulars as to the place thereof, a bill stating that plaintiff was "unable to furnish a statement of the place of the conversion more specific than that referred to in the correspondence of plaintiff with the defendant, now presumably in the possession of the defendant," without denying knowledge of the place of the conversion or setting out such correspondence, **held** insufficient.                                              P. 139

Appeal from District Court, Chaves County; Brice, Judge.

Action by the Picacho Cattle Company against the Atchison, Topeka & Santa Fe Railway Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

R. D. Bowers, of Roswell, for appellant.

W. C. Reid, George S. Downer, and Earl C. Iden, all of Albuquerque, for appellee.

## OPINION OF THE COURT

DAVIS, J.   This is an action in damages for the conversion of five head of cattle.   The complaint gave the time of the conversion as "on or about the 14th day of November, 1917."   The place was not stated. On motion the court ordered the furnishing of a bill of particulars fixing the time and place of the conversion.   Appellee answered this, stating that it was unable to be more specific as to the date, and was "unable to furnish a statement of the place of conversion more specific than that referred to in the correspondence of plaintiff with the defendant, now presumably in the possession of defendant."   This bill of particulars was stricken out on motion, the court holding the statement of place insufficient.   Appellant declined to do anything further in the matter, taking the ground that the court had no power to order the bill, and, if it did have the right to require it, the one furnished was sufficient. The court thereupon dismissed the action, and this appeal was then taken, appellant standing here upon its position in the lower court.

[**1, 2**]   In attacking the power of the court to order

the bill of particulars appellant argues that the place of conversion is immaterial, because the action is transitory and may be brought wherever jurisdiction of the parties is obtained. It may be granted that the allegation of place was not essential to show jurisdiction, and even that it was not necessary in the complaint at all. But the office of a bill of particulars is not to supply matters which should have been alleged in the complaint nor to evidence a jurisdiction not otherwise alleged. It is to furnish information necessary to a proper answer and preparation for defense. 3 Enc. P. & P. 518, 519. The ordering of a bill of particulars is discretionary with the court, and since there is no indication whatever in the complaint as to the place of conversion, it not even being alleged that it occurred on the railroad of appellee, and any point in the entire world being therefore possible as a situs for the alleged conversion, it would seem that the court wisely exercised its discretion in requiring a more definite statement of it. In Leonard v. Greenleaf, 21 N. M. 180, 153 Pac. 807, we held that it was error for a court to order a bill of particulars to cover immaterial information. There the information sought was immaterial for every purpose. Here knowledge of the place of the claimed conversion might be material and necessary in the preparation of pleadings and defense.

The statement in the bill of particulars that appellant had no knowledge of the place of conversion further than that referred to in the correspondence between the parties was not a compliance with the order. It did not deny knowledge, nor did it give information. The correspondence was not set out, so that a reference would include it, nor as a matter of fact was there an affirmative statement that any such correspondence was in existence. The reference to unidentified and undescribed correspondence added nothing.

Compliance with the order was not difficult. It would have been easy for appellant to state what knowledge he had, and nothing more was required.

The order of the court dismissing the action was correct, and the judgment therefore will be affirmed; and it is so ordered.