*In re* DEI'S ESTATE.

PAGEL *v.* SEVERANCE.

1. EXECUTORS AND ADMINISTRATORS—ATTORNEY'S SERVICES—DISCRETION OF COURT—VALUE—EVIDENCE.

Determination as to what a reasonable fee would be for services rendered a client, now deceased, by an attorney who had given testimony as to the value thereof, is largely within the discretion of the trial court in proceeding against estate and the value of such services may be fixed with or without the aid of expert testimony.

2. SAME—VERDICTS AND FINDINGS—ATTORNEY'S SERVICES—VALUE.

In attorney's proceeding against estate of deceased client for legal services rendered, finding of trial court that services charged for by claimant were actually performed and were of a certain value less amount of credit to which the estate was entitled *held*, sustained by evidence.

3. ATTORNEY AND CLIENT—ACCOUNT CURRENT—EVIDENCE.

Where an attorney's services are minuted in his register and other proper memorandum books, it is sufficient for the purposes of an account current in the law; and the fact of his not having actually entered the amount of charges, or made regular entries on formal account books, is immaterial.

4. LIMITATION OF ACTIONS—ACCOUNT CURRENT—LAST ITEM.

Under statutory provision relative to accrual of account current at time of last item proved therein, presentation of an attorney's claim for services against estate of deceased client well within six years from date of last services performed was timely (3 Comp. Laws 1929, § 13977).

5. ACCOUNT STATED—ATTORNEY'S BOOKS—PRIMA FACIE CASE.

Entries from attorney's books which were received in evidence in his proceeding against deceased client's estate established *prima facie* that he rendered services for decedent for which he had not received payment and that the account was a mutual and open account current.

6. EXECUTORS AND ADMINISTRATORS—ATTORNEY'S SERVICES—EVIDENCE.

In attorney's proceeding to recover compensation from estate of deceased client for services claimed to have been rendered some

years before latter's death, rejection of testimony as to relations between plaintiff and deceased with respect to other legal matters *held,* proper, since it was immaterial to the question of determining what services were performed for the deceased client.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 16, 1940. (Docket No. 84, Calendar No. 41,075.) Decided June 3, 1940. Rehearing denied November 13, 1940.

In the matter of the estate of Christina Dei, deceased. Benjamin S. Pagel, attorney, presented his claim against the estate of Christina Dei for legal services rendered the deceased during her lifetime. Claim allowed in part. Claimant appealed to circuit court. Judgment for claimant. Defendant estate appeals. Affirmed.

*Harold H. Armstrong* and *Benjamin S. Pagel,* for claimant.

*Wilbur M. Severance,* for defendant.

CHANDLER, J. This is an appeal from the circuit court for the county of Wayne from the allowance by said court of a claim of the plaintiff, Benjamin S. Pagel, against the estate of Christina Dei, deceased.

Plaintiff is a practicing attorney, having practiced his profession in Detroit for approximately 30 years. His claim is for legal services rendered to the decedent from the early part of the year 1925 up to and including a portion of the year 1933.

Mrs. Dei died in 1935 and Wilbur M. Severance, the appellant, was appointed executor of her estate. Plaintiff did not know of the death of Mrs. Dei until 1938, shortly after the commission on claims had expired. The commission was revived for the presentation of his claim, which he presented in the

amount of $900, $855 thereof being disallowed by the commissioners, and from this award claimant took an appeal to the circuit court where his claim was allowed upon trial without a jury in the sum of $597.50.

Most of the services rendered by claimant appear to have been in connection with two pieces of litigation. One was an action against Mrs. Dei for alienation of affections and slander brought in the Wayne circuit by one Bertha Lapp, divorced wife of George Lapp, a nephew of deceased. Damages were sought in the sum of $40,000. This case, after a considerable period of time, was finally dismissed for want of progress. The other litigation was an action brought against Mrs. Dei by her brother to have a deed of certain real estate in Oakland county declared a mortgage. The amount involved was $50,-000. Plaintiff did not enter his appearance for Mrs. Dei in this case, this detail having been handled for Mrs. Dei by Pontiac attorneys, but claimant was employed by her and had several conferences relative to the defense in this action with deceased, the Pontiac attorneys and others interested in the suit. Other charges made against decedent by claimant were for conferences regarding her will, various real estate interests, and with reference to certain claims made against her by some of her nephews and nieces. These various conferences continued from as early as January, 1926, to some time in May, 1933.

Plaintiff's claim was established by entries in his day books during the period for which he claims the services were rendered. The sheets from the day book were offered and received in evidence, showing the dates upon which the conferences were held, the nature thereof and the time spent. The actual number of hours spent by claimant was 46½ as shown by the books. His books did not show the

amount of charges made by him from time to time, but regarding this he testified that he had always, with the exception of two years, practiced law alone and that he never had a bookkeeping system in his office; that he kept track of the time spent for his clients in his day book and when he rendered a bill he made charges according to his own judgment as to what he thought the services were worth, taking into consideration the amount involved, the importance of the matter, the results obtained and other factors properly to be considered in making up a charge. Mr. Pagel's records show receipts from decedent to apply on his account in the sum of $100, $50 having been received on January 21, 1925, and $50 on March 5, 1925.

The only testimony offered as to the value of plaintiff's services was given by himself. He testified that his services were worth $1,000. The only other witness sworn was Mrs. Edna Dasher, who was called by the estate. Her testimony was to the effect that she knew of many conferences between Mr. Pagel, Mr. Philip Dickinson, an attorney and her employer, and Mrs. Dei regarding the litigation in Oakland county. She testified that the three of them had many conferences; that her employer, Mr. Dickinson, for a period of time handled some of Mrs. Dei's legal work in accordance with a retainer agreement, but that he did not represent her in the Oakland county litigation because Mr. Dickinson was one of the defendants in that case.

The determining questions involved in this appeal are:

1. Did the appellee introduce sufficient evidence to prove the items claimed by him were proper charges against the estate and the value thereof?

2. Was plaintiff's claim barred by the statute of limitations?

The trial judge determined both of these questions in favor of plaintiff and fixed the value of his services at $697.50 and credited the estate with $100.

The trial judge had the benefit of seeing the witnesses as they testified and examined the exhibits which consisted of the sheets from plaintiff's day book showing the time spent and upon what business.

1. We find that the determination as to what a reasonable fee would be for the services rendered by claimant, who had given testimony as to the value thereof, is largely within the discretion of the trial court, and that the value of such services may be fixed with or without the aid of expert testimony as to value. We, therefore, conclude that the trial court did not err in finding that the services charged for by claimant were actually performed by him and that the fair and reasonable value thereof is $697.50, less the credit of $100 to which the estate was entitled.

In *Payne* v. *Walker,* 26 Mich. 59, we said:

"Where an attorney's services are minuted in his register and other proper memorandum books, it is sufficient for the purposes of an account current in the law; and the fact of his not having actually entered the amount of charges, or made regular entries on formal account books, is immaterial. There is nothing suspicious in this mode of keeping the evidence of attorney's services, but on the contrary, these books are usually quite as satisfactory as any regular books of account could be. There is no requirement of law that the books upon which entries are made shall be of any particular kind, or the entries of any particular form."

2. As to whether the whole or any part of plaintiff's claim is barred by the statute of limitations, we must first determine whether or not the account

as presented was a mutual and open account current. If so, the judgment of the trial court must be affirmed. If not, only those items charged against decedent in her lifetime can be allowed that accrued within six years prior to her death.

The statute, 3 Comp. Laws 1929, § 13977 (Stat. Ann. § 27.606), provides:

"In actions brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

Plaintiff filed his claim with the commissioners on or about September 30, 1938; and it is contended by appellant that all of the services performed by claimant more than six years prior thereto were barred under the provisions of the statute. We are not in accord with this contention. If the above statutory provision is controlling, claimant's cause of action did not accrue until the date of the last item of services performed by him which was on May 17, 1933, and he would have a period of six years thereafter within which he might present and prosecute his claim against deceased. He presented his claim well within the six-year period.

The trial court found that there was a mutual and open account current between claimant and decedent and that claimant's cause of action did not accrue until May 17, 1933, the date of the last item proved in his account; and that, therefore, his claim was not barred by the statute of limitations.

Appellant cites *Goodsole* v. *Jeffery,* 202 Mich. 201 (1 A. L. R. 1057), and insists that it is authority for the proposition that the claim involved in this case is barred by the statute. In the *Goodsole Case,* plaintiff and defendant entered into an oral contract that plaintiff should lease to defendant and defend-

ant should rent from plaintiff a piano at a monthly rate of rental, the date of payment of which was not specified. Operation under the contract began August 8, 1906, and the period for which plaintiff sought to recover rent at the rate of $2.50 per month ended May 8, 1911. The court found that it was to be inferred from the testimony that plaintiff charged defendant on his book monthly with the rent and gave him credit for any sums that were paid. On May 8, 1911, plaintiff charged defendant $2.50 for rent for one month and on his book the last item of credit was February 2, 1910. The suit was instituted August 30, 1916. Defendant contended that the point in issue was whether the payment made February 2, 1910, rendered the account a mutual open account current. The trial court was of the opinion that the point had been adjudicated and settled in *Payne* v. *Walker, supra*. On appeal, we said:

"I know of no decision of this court, and think there is none to be found in any jurisdiction, holding that where the dealings of the parties relate entirely to and are governed by a special contract for the payment of money, at agreed upon periods, an open mutual account is established by performance of the contract obligation, whether a book account of it is kept or not. The trial court was in error and, the defendant having pleaded the statute of limitations, judgment should have been directed in his favor for any part of plaintiff's demand which did not accrue six years before the action was begun."

The distinction that is made in the above quotation between the two cases cited is applicable to all of the other cases that have been cited by appellant in support of his contention that the account was not a mutual and open account current.

The entries from plaintiff's books which were re-

ceived in evidence established *prima facie* that he rendered services for decedent for which he had not received payment and that the account was a mutual and open account current. The trial court committed no error in rendering judgment in favor of claimant.

The appellant contends also that testimony should have been admitted to show the relations between Mr. Pagel and Mr. Dickinson, also an attorney for Mrs. Dei, in respect to other legal matters. The court was correct in rejecting such testimony as being immaterial to the question of determining what services were performed for Mrs. Dei.

Judgment affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.