[No. 1791, November 16, 1915.]

## LEONARD et al. v. GREENLEAF.

### SYLLABUS BY THE COURT.

1. An "account stated" is an account balanced and rendered, with an assent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance.     P. 184

2. All that is necessary to be shown, in order to sustain an action on an account stated, is the absolute, unqualified, unconditional, and voluntary admission by the defendant, or his agent, and the plaintiff, or his agent, before the bringing of the suit, of the existence of a specified sum of money as a present, existing debt, which admission may be express, or may be inferred from the conduct of the parties.

P. 184

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by W. C. Leonard and another against V. A. Greenleaf. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

LAWRENCE F. LEE of Albuquerque, for appellants.

Account stated was first known to law merchant prior to middle of 18th century.

1 T. R. 40; 1 C. J. 679; 3 Pick. 96.

It constitutes a separate and distinct contract, and separate items thereof cannot be inquired into.

Bartlett v. Emery, 1 T. R. 42; 1 C. J. 606; Brown & Manzanaras Co. v. Gise, 14 N. M. 282; Auzerias v. Deglee, 15 Pac. 371; 1 A. & E. Ency. Law, 437; C. J., p. 678; Curran v. Hubbard, 144 Pac. 83; Lyell v. Walbach, 75 Atl. 339; Goodwin v. Fox, 129 U. S. 641; Martin v. Heinze, 77 Pac. 427; Volkening v. De Graff, 81 N. Y. 268; Hall v. N. Y. Brick Co., 88 N. Y. Supp. 582; Gerding v. Funk, 64 N. Y. Supp. 423; Moss v. Lindblom, 57 N. Y. Supp. 703; Keller v. Keller, 25 N. W. 364; Albrecht v. Gies, 33 Mich. 389; Chace v. Trafford, 116 Mass. 52, 17 A. R. 171; Gem Chemical Co. v. Youngblood, 36 S. E. 438; Jacksonville M. P. Ry. Co. v. Warriner, 16 So. 898.

Inasmuch as the office of a bill of particulars is to enlighten the opposite party as to specific demands or allegations, no bill of particulars is required in cases of this sort.

4 Stand. Enc. Pro. 381; 31. Cyc. 580; People v. McClelland, 191 N. Y. 341; Ferris v. Brooklyn Heights Co., 102 N. Y. Supp. 463; Kindberg v. Chapman, 100 N. Y. Supp. 685; Farewell v. Broody, 98 N. Y. Supp. 385.

E. W. DOBSON and H. C. MILLER of Albuquerque, for appellee.

No exception was taken to order of court requiring a bill of particulars to be furnished, and the question is therefore not before the court.

Sec. 37, c. 57, L. 1907; 2 R. C. L. 93; Western Union Tel. Co. v. Crocker, 59 L. R. A. 398.

Leonard v. Greenleaf, 21 N. M. 180.

Granting or refusing bill of particulars rests in sound discretion of trial court.

O'Hara v. Reed, 39 Atl. 776; Dunlop v. United States, 165 U. S. 486, 41 L. Ed. 799; Sullivan v. People, 108 Ill. 328; Townsend v. Williams, 117 N. C. 330, 117 S. E. 461; Commonwealth v. Wood, 4 Gray 11; Commonwealth v. Giles, 1 Gray, 466; People v. Remus, 135 Mich. 629, 68, N. W. 397; State v. Hatfield, 66 N. J. L. 443, 49 Atl. 575.

The right to a more specific bill of particulars rests within the sound discretion of the trial court.

Ward v. Littlejohn, 6 N. Y. Supp. 170; People v. Bush, 150 Ill. App. 48; Gardner v. Garner, 2 Grau, 434; Gray v. Eaton, 132 Mich. 105; Neal v. Phoenix Lumber Co., 117 Pac. 267; Schile v. Brokahne, 41 N. Y. Super. Ct. 353; 3 Enc. Plead. & Prac. 536, paragraph 2.

The right to require bill of particulars rests in court independent of statute.

3 Enc. P. & P. 523; Tilton v. Beecher, 17 Am. Rep. 337.

If ends of justice require ordering bill of particulars there is no error in requiring it to be done.

Wells v. Van Aken, 39 Hun. 315; Duffy v. Ryan, 17 N. Y. Supp. 843.

## STATEMENT OF FACTS.

W. C. Leonard and E. L. Washburn were members of a partnership in the city of Albuquerque, under the name of W. C. Leonard & Co., between the years 1888 and 1893. Greenleaf, the defendant herein, while a resident of the city of Albuquerque, opened an account with the said firm during the years referred to, and in the year 1893 left the state of New Mexico, remaining absent from the city of Albuquerque until about 1913, when he returned for a short time, but later returned during the summer of 1914, at which time this action was brought. By the amended complaint an action on an account stated was set up; defendant moving for a bill of particulars, and the plaintiff responding to an order of the court there-

for by a showing in the form of an affidavit setting out the dates of sale of certain merchandise and the amounts thereof, without specifying the particular kind of merchandise sold. The bill of particulars thus furnished further recited the fact that the daybooks which were kept during the period of time covered by the statement of the account were destroyed many years previous, and that the entries included in such bill of particulars were ledger entries, which had been transferred from the daybooks. The showing thus made was by the bookkeeper for the firm of W. C. Leonard & Co. at the time of the making of the entries included in said bill of particulars. Subsequently the defendant moved to make the bill of particulars more specific, asserting that the same failed to advise the defendant of what particular articles the merchandise consisted, and did not apprise the defendant with sufficient certainty of what the alleged indebtedness consisted. The trial court ordered a more specific bill of particulars, requiring that the same should specify the particular kind of merchandise alleged to have been sold and delivered to the defendant by the plaintiff upon which the "alleged account stated is predicated." Pursuant to said order for a more specific bill of particulars, the plaintiff again made a showing by affidavit as to their alleged inability to make a more specific bill of particulars (other than to say that the same was for gentleman's wearing apparel), assigning as reasons for such inability that the daybooks from which the ledger entries had been taken had been lost or mislaid, and that after diligent search the plaintiff was unable to find the same. The defendant subsequently moved to strike the paper filed by plaintiffs, in compliance with the order of the court requiring plaintiffs to furnish to defendant a more specific bill of particulars, from the files, and to dismiss the suit for failure to comply with said order, which motion was sustained, and the cause was dismissed at the cost of **plaintiff** for failure to prosecute the same in accordance with the order of the court referred to, from which judgment the plaintiff prayed and was granted an appeal to this court.

Leonard v. Greenleaf, 21 N. M. 180.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The assignments of error raise substantially two questions— the first being whether the original items of an account, which go to make up an account stated, can be inquired into by demand and allowance of a bill of particulars after the account has been converted into an account stated; and, second, what constitutes a sufficient bill of particulars. Appellee contends that the first question is not presented for our consideration because no proper exception was taken to the order of the court ordering the bill of particulars. While this is technically correct, it does appear that after plaintiff had made a showing as to its inability to furnish more particular information than that tendered, and the subsequent order had been made ordering a more specific bill of particulars, the plaintiff did except to the second order requiring it to furnish a more specific bill of particulars, and we deem that this is sufficient for the purpose of questioning the right of the trial court to make the order referred to.

[1, 2] An account stated has been defined by numerous courts and text-writers, and a great diversity is to be found in these numerous definitions. In 1 R. C. L. 207, an account stated is said to be:

"An account which has been rendered by one to another, containing the balance which is alleged to be due, which balance is assented to or admitted to be a correct account of the debt it represents as due from the debtor."

Still another definition to be found in the same work, and which more closely applies to the facts of the present case, is as follows:

"An account stated is an account balanced, and rendered, with an assent to the balance, express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance." Comer v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St .Rep. 93.

The assent to the balance found to be due by the account stated, which may be an express promise, or one implied as a legal conclusion from a failure to object thereto with-

in a reasonable time, creates a new and independent cause of action, arising from the agreement, express or implied, and a legal obligation is established, irrespective of the items or constituents of the previous ground of liability. 1 R. C. L., p. 212.

This question was passed upon in an early California case, Auzerais v. Naglee, 74 Cal. 60, 15 Pac. 371, where the Supreme Court of that state said:

"A stated account is an agreement between both parties that all the items are true; but this agreement may be implied from circumstances, as where merchants reside in different places, and one sends an account to the other, who makes no objection to it within a reasonable time. Stebbins v. Niles, 25 Miss. 267; 1 Wait, Act. & Def. 191-198. In such cases, the action is based upon the agreement, which has all the force of a contract. The original account becomes the consideration for the agreement, and it is not necessary to prove the items of such account; nor can they be inquired into or surcharged, except for some fraud, error, or mistake, and such grounds must be, according to the weight of authority, set forth in the pleadings [citing authority.] The balance found due upon a stated account is principal; it cannot be re-examined (except for fraud or mistake) to ascertain the items or their character. McClelland v. West, 70 Pa. 183. The object of a bill of particulars is to apprise a party of the specific demand of his adversary. People v. Monroe, 4 Wend. [N. Y.] 200; Matthews v. Hubbard, 47 N. Y. 428. This being true, it is difficult to discern how, upon principle, a defendant is entitled, under section 454, Code Civ. Proc., to a copy of the original account upon which the contract in an action on a stated account is based. The term 'stated account' is but an expression to convey the idea of a contract, having an account for its consideration, and is no more an account than is a promissory note, or other contract having a like consideration for its support."

This California case has been followed by numerous other courts, and repeatedly affirmed in the highest forum of that state. We believe the principle therein announced is controlling in the present case, not, however, losing sight of the fact that appellee contends that the bill of particulars sought and granted in the present case now under consideration was not based upon our statute providing for a bill of particulars when demanded, which statute is sub-section 69 of the Code of Civil Procedure (Comp. Laws 1897, § 2685) appearing as section 4149,

Code of 1915. We are not called upon to pass upon the applicability of this particular statute to a case such as the one under consideration, where the action is predicated upon an account stated. We desire, however, to observe that in the case of Martin v. Heinze, 31 Mont. 68, 77 Pac. 427, where a statute quite similar to the New Mexico statute referred to was under construction, the Supreme Court of Montana held that the Code provision that it was not necessary for a party to set forth in his pleading the items of the account therein alleged, but must deliver to the adverse party, after demand, a copy of the account, applied only to actions on open, unsettled accounts, and not to actions on accounts stated. Assuming that the present case is not based upon the statute, and that the inherent powers of the court only were invoked, the logic of the Montana case nevertheless has peculiar application to the case at bar. The Supreme Court of Montana, after commenting upon the right of defendant to know the specific demand or demands made against him in the case of suits upon open and unsettled accounts when the complaint does not set forth the items thereof, and that he is entitled to a bill of particulars to inform him of them, so that he may make proper defense, goes further, and points out the difference between a state of facts thus arising and the facts of an action based upon an account stated, as to the latter case saying:

"The action is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract. This contract is the cause of action, and the plaintiff must recover upon it, or fail in the action [citing authority.] It is therefore not necessary, nor is it permissible, to prove the items of the original account. They may not be inquired into or surcharged, except upon the ground of fraud, error or mistake in the ascertainment of the balance [citing authority], and then only when the fraud, error, or mistake upon which the agreement is sought to be impeached is specifically alleged in the answer."

See, also, Vance v. Supreme Lodge, 15 Cal. App. 178, 114 Pac. 83, where the Supreme Court of California recently affirmed the earlier case of Auzerais v. Naglee.

'This general principle was affirmed by the New Mexico territorial Supreme Court in the case of Brown & Manzanares Co. v. Gise, 14 N. M. 282, 91 Pac. 716, where Mr. Justice Parker, speaking for that court said:

· "The account being stated, neither party, in the absence of fraud or mistake, can question the correctness of any item composing the same."

We see no reason to depart from this ruling of the territorial Supreme Court, and believe it is controlling in the present case, and that therefore the trial court erred in ordering a bill of particulars, by reason of the fact that it clearly appears that the cause of action of the plaintiff in the court below was predicated upon an alleged account stated, the items of which it was immaterial to inquire into.

We need not enlarge upon the authorities here cited, but we do desire to refer to a case quite similar to the one under consideration, that of Lyell v. Walbach, 111 Md. 610, 75 Atl. 339, in which case the plaintiff sued upon an account stated, and the defendant filed a demand for a bill of particulars, in response to which the plaintiff stated that the particulars of his claim were set forth in the declaration, whereupon defendant moved that the plaintiff be compelled to furnish an itemized list of the original items, and plaintiff filed an affidavit alleging that it was impossible for him to furnish the items comprising the sales referred to in the several counts of the declaration, as the books of accounts in which said items were entered had been mislaid and lost, and that he was unable to find or secure the same. In passing upon the sufficiency of this showing by the plaintiff, the court said, quoting from 1 Chitty on Pleading, 358:

"The acknowledgment by the defendant that a certain sum is due creates an implied promise to pay the amount, and it is not necessary to set forth the subject-matter of the original debt; nor is the amount of the sum alleged in the count to be due material; nor is it necessary, in order to support this count, that the defendant's admission should relate to more than one item or transaction or that there should have been cross-dealings or accounts between the par-

ties.   The present rule is, that if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that would be evidence to support a count upon an account stated."

As was clearly held in the Maryland case last referred to, all that is necessary to be shown in order to sustain an action on an account stated, is the absolute, unqualified, unconditional, and voluntary admission by the defendant, or his agent, and the plaintiff, or his agent, before the bringing of the suit, of the existence of a specified sum of money as a present, existing debt, which admission may be express, or may be inferred from the conduct of the parties.   With this holding we fully concur, and believe that the principle announced is decisive of the present case.

Our conclusion in this respect makes it unnecessary for us to consider the second point raised by the assignments of error, as to the sufficiency of the bill of particulars, and we therefore reverse the judgment of the trial court, and remand the cause for further proceedings in accordance with this opinion; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.