GOODSOLE *v.* JEFFERY.

LIMITATION OF ACTIONS—OPEN, MUTUAL ACCOUNT—SPECIAL CON-
TRACT.

> Where the dealings of parties relate entirely to, and are
> governed by, a special contract for the payment of money
> at certain periods agreed upon, there is no open and
> mutual account, so as to prevent the remedy thereon being
> barred by the statute of limitations. MOORE, BIRD, and
> FELLOWS, JJ., dissenting.

Error to Houghton; O'Brien, J. Submitted October
10, 1917. (Docket No. 74.) Decided July 18, 1918.

Assumpsit in justice's court by Frank J. Goodsole
against Samuel Jeffery for rent. There was judgment
for plaintiff, and defendant appealed to the circuit
court. Judgment for plaintiff. Defendant brings er-
ror. Reversed.

*Galbraith & McCormack,* for appellant.

*McClelland & Roberts,* for appellee.

OSTRANDER, C. J. It will be seen from the statement
of facts that the contract rested in parol, and that it
was that plaintiff should lease to defendant and de-
fendant should hire or rent from the plaintiff a piano
at a monthly rate of rental, the date of payment of
which is not specified. The operation of the contract
began August 8, 1906. The period for which it is
sought to recover rent ends May 8, 1911, 57 months
at $2.50 a month. It seems that the plaintiff kept a
memorandum on his book. It is not so stated in the
statement of facts, but it is to be inferred that on the
book he charged the defendant monthly, or at inter-
vals, with the rent and gave him credit for whatever

sums were paid for rent. On May 8, 1911, plaintiff charged the defendant $2.50 for rent for one month, and on the book the last item of credit is February 2, 1910, cash, $5. The suit was begun August 30, 1916. The total payments for rent from August 8, 1906, to May 8, 1911, were but $29.

It is said in appellant's brief that the point in issue is whether the cash payment of $5, made February 2, 1910, rendered the account a mutual open account current. On the part of plaintiff it is said that the point may be stated as, Do the general cash payments made on the account, the last of which was $5, paid February 2, 1910, render the account a mutual open account current within the meaning of section 12324, 3 Comp. Laws 1915? The statute is:

"In actions brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

The learned trial judge was of the opinion that the point had been adjudicated and settled in *Payne* v. *Walker*, 26 Mich. 60. In that case, the action was for the recovery of fees for legal services rendered at various times from the year 1848 or 1849 to June, 1871, and payments were made upon the account in 1851, 1856, 1860, and 1871. The court held that the payments upon the account were sufficient to render it an open and mutual account so as to prevent the remedy thereon being barred by the statute of limitations. The distinction between the two cases would seem to be obvious. Of course, accounts may be mutual without being entered in a book, but suppose that instead of a parol contract for the use of the piano the contract had been in writing and as payments were made upon it they had been indorsed upon the contract. Would anybody suppose that there was an open mutual ac-

count current, What would be open? Suppose a lease is made of premises for a period of years and as payments of rent were made they were indorsed upon the lease. Could it be said that there was any mutual open account between the parties? Suppose money is loaned and as security a mortgage is taken. Each half year, or each year, the interest becomes due according to the terms of the contract, and, as it is paid, it is indorsed on the mortgage. Probably, no one would suppose that there was an open mutual account current. What difference does it make if the plaintiff in this case, the landlord in the first case supposed, the mortgagee in the second supposed case, kept a book account of the transaction in which he entered an item of debit on each due date and an item of credit when any money was paid? Manifestly, when a lawyer or doctor renders professional services and receives pay from time to time, or when a merchant sells goods from time to time, for which from time to time he receives partial payments, or upon which he gives credit for the value of services rendered by the buyer or goods furnished by the buyer, an open account is made and is mutual.

I know of no decision of this court, and think there is none to be found in any jurisdiction, holding that where the dealings of the parties relate entirely to and are governed by a special contract for the payment of money, at agreed upon periods, an open mutual account is established by performance of the contract obligation, whether a book account of it is kept or not. The trial court was in error and, the defendant having pleaded the statute of limitations, judgment should have been directed in his favor for any part of plaintiff's demand which did not accrue six years before the action was begun.

The judgment is reversed and a new trial granted.

STEERE, BROOKE, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.

MOORE, J. (*dissenting*).  I think the case is within *Payne* v. *Walker*, 26 Mich. 60, and *Hollywood* v. *Reed*, 55 Mich. 308, and that the ruling of the court below should be affirmed.

BIRD and FELLOWS, JJ., concurred with MOORE, J.