41 P.(2d) 276

## GORDON STORES CO., Inc., v. RUBIN.

### No. 3989.

Supreme Court of New Mexico.

Jan. 28, 1935.

George E. Remley, of Santa Fé, for appellant.

Fred C. Stringfellow, of Raton, for appellee.

WATSON, Justice.

The complaint alleged, and the court found, that on a named date the defendant was justly indebted to the plaintiff in a named sum; that on that date an account was orally stated between the parties; and that, being so indebted, the defendant orally undertook and promised to pay said sum. These allegations were denied. On the findings judgment, of course, went for the plaintiff. Defendant has appealed.

The nature of the transactions preceding the alleged statement of account was in sharp dispute between the parties. Appellee claimed that it was sale and delivery of goods. Appellant claimed that it was consignment of goods for sale, to be settled for only after sale or by return of goods unsold. He further claimed that the goods represented in the account stated had not been sold but had been destroyed by fire.

Ruling that the single issue was whether appellant had acquiesced in the account presented and promised to pay it, the trial court rejected offered evidence tending to show that

there was in fact no pre-existing indebtedness to support a cause of action on an account stated. It is plain from the various rulings that that attempted defense was deemed unavailable if true. It is not so plain, but we think fairly apparent, that the court deemed appellant's claim that there was no prior indebtedness immaterial, even as bearing upon the disputed question of acquiescence and promise by appellant. Appellant contends that both of these views were erroneous.

■ If the nature of the preceding transactions was as represented by appellee, the doctrine of account stated was applicable. When parties have examined the particulars entering into the account and have agreed upon a balance, a cause of action arises upon the agreement itself. When such a cause of action is asserted, the items may no longer be questioned unless the agreement be first impeached for fraud or mistake. Gillett v. Chavez, 12 N. M. 353, 78 P. 68; Brown & Manzanares v. Gise, 14 N. M. 282, 91 P. 716; Leonard v. Greenleaf, 21 N. M. 180, 153 P. 807.

But that is one side of the case only. Appellant's theory was also to be considered. It has been laid down: "An account stated must be founded on previous transactions of a monetary character, creating the relation of creditor and debtor between the parties; the admission of indebtedness must refer to a past transaction or subsisting debt. An account stated cannot be made the instrument to create an original liability; it merely determines the amount of the debt where liability previously existed; and this notwithstanding the proposition, as often laid down, that an admission of a certain sum due in respect of a demand for which an action would lie is sufficient to show an account stated." 1 C. J. 699.

As variously illustrating this principle, we note Pope County State Bank v. U. G. I. Contracting Co., 265 Ill. App. 420; Steinmetz v. Grennon, 106 Or. 625, 212 P. 532; Vanbebber v. Plunkett, 26 Or. 562, 38 P. 707, 27 L. R. A. 811; Mayer Coal Co. v. Stallsmith, 89 Kan. 81, 129 P. 831; Stocking v. Seed Filter & Mfg. Co., 175 App. Div. 812, 162 N. Y. S. 451; Jose v. Aufderheide, 222 Mo. App. 524, 293 S. W. 476; Everett v. Webb Furniture Co., 98 Fla. 780, 124 So. 278; Swim v. Juhl, 72 Cal. App. 363, 237 P. 552; In re Merz (C. C. A.) 45 F. (2d) 558. White v. Turner-Hudnut Co., 322 Ill. 133, 152 N. E. 572; Cavanaugh Bros. Horse Co. v. Gaston, 255 Mass. 587, 152 N. E. 623, 47 A. L. R. 1.

■ Even if appellant acquiesced in the account and promised to pay it, no cause of action on account stated resulted unless the preceding monetary transactions were of a character to create the relation of debtor and creditor.

This is not to say, for we do not decide, that the debtor-creditor relation could not grow out of the principal-factor relation, so as to support an account stated. But appellee, while holding to the theory that the original transaction was sale and delivery, could have no recovery on an indebtedness arising from consignment of goods for sale by a factor.

■ Appellant's secondary point we consider also well taken, though perhaps unneces-

sary to decide. Had we held otherwise as to the right to disprove the indebtedness as a defense in itself, it would still have been open to appellant to show the pre-existing relation and transactions, as tending to show the inherent improbability of his having acquiesced and promised as claimed. 2 Bancroft, Code and Pleading, § 785; Woodson v. Leo-Greenwald Vinegar Co., 220 Mo. App. 831, 272 S. W. 1084.

We conclude that the judgment must be reversed, and the cause remanded for new trial. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.