126 P.2d 295

**HERON v. GAYLOR.**
No. 4674.

Supreme Court of New Mexico.

May 20, 1942.

Kenneth A. Heron, of Chama, pro se.

Reed Holloman, of Santa Fe, for appellee.

ZINN, Justice.

Suit was brought by plaintiff (appellant here) against the defendant (appellee here) to recover the sum of $264 for goods, wares and merchandise sold and delivered by the plaintiff to the defendant. The defendant entered a general denial. The case went to trial and judgment was entered in favor of plaintiff and against the defendant in the sum of $47.06, together with costs of the action. The plaintiff, seemingly not contented with the judgment in his favor, prosecutes this appeal.

Plaintiff sets up sixteen assignments of error on appeal, which assignments of error are summarized in his brief in chief under five points, as follows:

"Point I: The Court erred in its judgment in that the judgment is not sustained by the pleadings.

"Point II: The Court erred in permitting the introduction of additional evidence in the cause after both sides 'rested', without making and entering an order reopening the hearing for the admission of additional evidence and without notifying the plaintiff of its action.

"Point III: The Court erred in issuing its certificate of Court and in directing the Court Reporter to prepare a supplemental transcript on appeal, and in settling and signing the same as a Supplemental Bill of Exceptions in this cause.

"Point IV: The Court erred in making its order settling and signing a Supplemental Bill of Exceptions after it had settled and signed an original Bill of Exceptions and in refusing to strike the Supplemental Bill of Exceptions on Plaintiff's Motion.

"Point V: The Court erred in refusing to find that the defendant was indebted to the plaintiff in the sum of $253.50 with interest."

The first point is based on the theory that inasmuch as the defendant failed to claim

any offset or plead a counterclaim against the claim of the plaintiff the court could not credit the defendant the sums of $120.94 and $86.30. The defendant claimed he had theretofore been credited with these two items against the total of the plaintiff's claim.

There .were two accounts between the plaintiff and the defendant. A land account and a merchandise account. This suit is on the merchandise account. The plaintiff at one time had given the defendant credit for the two items on the merchandise account. Later, according to the plaintiff, the defendant asked that the two items be credited to the land account which the plaintiff did. The defendant denied that he requested any such adjustment of credits.

■ The suit was on an open account, to-wit, the merchandise account. The plaintiff attached to his complaint an exhibit. There is set forth in this exhibit the different items which the plaintiff claims constitute the merchandise sold to the defendant, the dates of the sales, and the amount due on each item. It is sufficiently evident that the suit is based on an open or running account.

"The term 'open account' means, ordinarily, an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated." 1 Am.Jur. 265, "Accounts and Accounting," Sec. 3.

A mutual, open, current account is an account usually and properly kept in writing, usually a book. Therein is set down by express or implied agreement of the parties a connected series of debit and credit entries of reciprocal charges and allowances. The parties do not ordinarily intend that the individual items of the account shall be considered independently. They are a continuation of a related series. The account ordinarily is kept open and subject to a shifting balance as additional related entries of debits or credits are made thereto, until it shall suit the convenience of either party to settle and close the account. Then, pursuant to the original, express, or implied intention, there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits, which liability is fixed on the one part or the other, as the balance shall indicate at the time of settlement. The single liability must be one mutually agreed upon between the parties or impliedly imposed upon them by law.

In the instant case the court found that the balance due the plaintiff amounted to $47.06. The plaintiff requested the court to find that there was a balance due the plaintiff in the sum of $253.50. This request was denied by the court. The court, by its action, ruled that the plaintiff ought to have given the defendant credit for the two items heretofore mentioned. The evidence supports the court's finding.

■ Under the general issue, or a general denial, the plaintiff has the burden of proving his claim. In case the defendant

denies merely, or answers so as not to admit, the plaintiff has the burden through the trial as to every part of his case. Cunningham v. Springer, 13 N.M. 259, 82 P. 232. We do not understand the rule to be any different in a suit on an open account.

■ We know of no rule of law that would deprive the trial court of allowing credits due a debtor on an open account claimed by a creditor even though no specific claim of payments had been pleaded. We know of no rule of law that would require a defendant to claim an offset or counter-claim in a suit brought against him for moneys which the plaintiff claims are due him for goods, wares and merchandise claimed to have been delivered. The burden is not upon such defendant in the first instance to disprove the plaintiff's claim. The defendant entered a general denial. The parties were thus in direct conflict as to the facts in issue and the burden was on the plaintiff.

We shall consider plaintiff's points two, three and four, as one issue. It appears that when the case was argued, in the absence of the official reporter, and before the case was closed, the attorney for plaintiff presented to the court a file in case No. 3540 in the same court and between the same parties. This was an action by plaintiff against the defendant to annul the land contract between them, and which relates to the land account. The file was presented to the court with the request that the court consider the same as evidence. No objection was made by the defendant. The court did receive the file as evidence, and considered the same as evidence. Based on what was shown by the file in that cause, plus the evidence of the defendant, the court held that the two disputed items had never been transferred to the land account and ruled that the amount of $207.24 should be deducted from the amount claimed on the merchandise account.

The appellant contends that because no formal request was made to re-open the case for the introduction of evidence and because no formal order was made permitting the same, the court could not consider the entire file as evidence, although the same was presented to the court by his own counsel.

■ That the court could admit additional testimony at the request of a party after the parties had rested is elementary and requires no citation of authority. This is particularly true when the other party does not object. If the party offering such evidence discovers that such action has operated adversely to his interest he will not be permitted to repudiate it and claim that the court had no right to take such action.

■ The court also had the right to issue his certificate showing what had been done. He had the right to order the court files to be brought up in a supplemental transcript. It is not only the right of the trial court to certify as to the truth regarding the admission of the files as evidence, but it is his duty. See Supreme Court Rule 13, Sec. 5.

Supreme Court Rule 13, Sec. 5, authorizes the court to add whatever is necessary for a complete record of the proceedings as well as to execute any certificate to show the facts. Defects and omissions in the record may be amended in the lower court in all cases to show the truth when the amendment or the correction is made before filing in the Supreme Court.

There is no merit to point five.

For the reasons given the judgment of the trial court will be sustained.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.