**285 P.2d 503**

**T. J. GENTRY, Plaintiff-Appellant,**

**v.**

**Sam GENTRY, Defendant-Appellee.**

**No. 5914.**

Supreme Court of New Mexico.

June 21, 1955.

Donald Brown, Roswell, for appellant.

James M. H. Cullender, Roswell, for appellee.

LUJAN, Justice.

This claim is based upon an oral contract on the part of the defendant to repay the plaintiff money loaned him. On September 19, 1952, plaintiff-appellant brought an action against defendant-appellee for $3,850. He alleged defendant's failure and refusal to repay the same, and prayed judgment for $3,850, and interest at six per cent. per annum. No response was filed to this complaint until February 11, 1954, when a motion for a bill of particulars or to make more definite and certain was filed by defendant. On May 4, 1954, after there had been substitution of counsel for plaintiff, a first amended complaint was filed, and in it plaintiff alleged that defendant was indebted to him for money loaned, viz.:

| | |
|---|---|
| December 1946 ................ | $3,300.00 |
| December 1946 ................ | 140.00 |
| January 1947 ................. | 300.00 |
| | $3,740.00 |

The amended complaint continued: That defendant had made the following payments to plaintiff, viz.:

| | |
|---|---|
| In 1949—2 hogs delivered to plaintiff | $ 40.00 |
| January 1950 by cash | 500.00 |
| March or April 1950, one cow & calf | 200.00 |
| June to September 1950 rent for grazing four of plaintiff's cows on defendant's pasture | 32.00 |
| Total | $772.00 |

Plaintiff prayed judgment for $2,968 and interest at 6 per cent. per annum from October 1, 1950 and costs. Defendant filed a general denial and invoked the Statute of Limitations.

The parties agreed upon a statement of facts and stipulated that they deemed the same sufficient for the purpose of review, as is provided for by Supreme Court Rule 13, subd. 8, which is as follows:

"It is stipulated and agreed that on December 9, 1946, the plaintiff loaned to the defendant the sum of $3300.00, that within a very few days thereafter the plaintiff loaned to the defendant an additional sum of $140.00, and between the months of January and March, 1947, the plaintiff loaned to defendant an additional sum of $300.00, and at the time said loans were made there was no definite understanding between the parties as to when such sums of money would be repaid, there was no agreed rate of interest, and no instruments in writing were executed to evidence such indebtedness.

"It is further stipulated and agreed that in the year 1949 the defendant delivered two hogs to the plaintiff at an agreed valuation of $40.00; that in January 1950, the defendant paid to the plaintiff cash in the amount of $500.00; that in March, 1950, the defendant delivered a cow and a calf to the plaintiff for an agreed consideration of $200.00; and that in June, July, August and September, 1950, the plaintiff was allowed to pasture four head of cattle upon pasture land belonging to the defendant for an agreed

consideration of $8.00 per month, or a total of $32.00; that it was agreed between the parties that such credit items being in the total amount of $772.00 would be applied for partial payment of the indebtedness owing, and that no further payments upon the indebtedness have been made by the defendants since the month of September, 1950.

"It is further stipulated that this action was filed on September 19, 1952, approximately five years and nine months after the first loan made by the plaintiff to the defendant, and approximately two years after the last item of credit was given on the account."

The court then found:

"1. That in December 1946 and January 1947, plaintiff loaned to defendant certain sums of money aggregating $3,740.00, and the entire transaction was oral, without any due date of repayment, and that same occupied the same status as a demand obligation, and that the cause of action arose in January 1947.

"2. That there was no written instrument signed by the defendant, either promising to pay the account, or admitting that it was unpaid.

"3. That this action was commenced September 19, 1952, more than four years after the Cause of Action arose.

"4. That the Cause of Action on which the suit is based was barred by the Statute on Limitations of Actions, when the action was begun."

It concluded as a matter of law:

"1. That the Statute on Limitations of Actions begins to run on a demand obligation on the date it is contracted, and that in the case of an oral obligation to pay, unless suit is commenced, within four years from the date it is contracted, a plea that it is barred by Sec. 27-104, New Mexico Statutes 1941, Annotated should be sustained.

"2. That payments on an open account, do not toll the Statutes on Limitations of Actions, and that even though partial payments have been made on the account the cause of action arises on the date of the last item thereon; and that a cause of action can be revived only by an instrument in writing signed by the party to be charged therewith, in the form of either a new promise to pay or an admission that the debt is unpaid."

The appellant assigns five errors which he argues under two points. Point one being that the "appellant's cause of action was one of open current account which is controlled by § 23-1-6 of 1953 Compilation and this action is not barred by the Statute of Limitations applicable thereto." We do not agree with this contention.

What is a mutual, open, current account of which the law takes cognizance in determining the rights and liabilities of debtor and creditor litigants in apparent qualification of the Statute of Limitations? It may be defined as an account usually and properly kept in writing, wherein are set down by express or implied agreement of the parties concerned a connected series of debit and credit entries of reciprocal charges and allowances, and where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits or credits are made thereto, until it shall suit the convenience of either party to settle and close the account, and where, pursuant to the original, express, or implied intention, there is to be but one single and indivisible liability arising from such series of related and reciprocal debits and credits, which liability is to be fixed on the one party or the other, as the balance shall indicate at the time of settlement or following the last pertinent entry of the account. See Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295.

In Rock Milling & Elevator Co. v. Atchison, T. & S. F. R. Co., 98 Kan. 478, 158 P. 859, the plaintiff presented a claim against a railway company for repairing freight cars to make them fit for use in hauling grain in bulk. Plaintiff had repaired an

aggregate of 5,127 freight cars furnished to it by the railway company from time to time between December 7, 1908 and May 15, 1911. These had been furnished on separate orders and for unrelated shipments of grain. Plaintiff's action to recover for repairing the cars was begun February 25, 1923, and it was tried and determined in the district court on the theory that there was but one implied hiring of plaintiff to fix the cars, and that the repairing of said cars was done under one continuous contract, which in effect constituted an open, mutual, running account. The Supreme Court of Kansas disapproved the judgment and held that each separate order for cars and the repairing thereof constituted a separate transaction on which an action might have been maintained, and that the Statute of Limitations began to run on each of such separate causes of action when they respectively had accrued.

In In re Wooten, D.C., 118 F. 670, it was held:

"A claim for sums of money lent to the bankrupt at different times, for which no notes were taken, does not constitute a running account; but each item is a separate and distinct transaction, unaffected by any other, so far as relates to the running of limitation against it."

See, also, In re Girvin, D.C., 160 F. 197, and citations.

■ These alleged three loans were separate, independent and wholly unrelated transactions. The fact that defendant made payments of $772 to plaintiff on the loans worked no change in the nature of plaintiff's rights or defendant's liability. The above credit did not enter into the account but it was applied to reduce the indebtedness. It did not create an open current account between the parties.

According to the above authorities, the alleged loans cannot be considered as being an open current account, and the items stated represent separate transactions and are subject to the bar of the statute from the date of each loan. There being no specified time set for the payment of these loans, they became due and payable on demand, and an action accrued thereon upon the date of each loan. See Lindsey v. Hamlet, 235 Ala. 335, 179 So. 234.

■ Under point two it is contended that partial payments, voluntarily made upon the loans, operated to extend the time within which an action may be brought, pursuant to § 23-1-16 of 1953 Compilation which reads:

"Causes of action founded upon contract shall be revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith. * * *"

This contention is without merit. The partial payments shown to have been made on the indebtedness are not such written admissions or new promises of the debt as will revive the right thereon and bar limitations, within the above section. Petranovich v. Frkovich, 49 N.M. 365, 164 P.2d 386; Bullard v. Lopez, 7 N.M. 561, 37 P. 1103.

However meritorious the claim, the court is powerless to render assistance where the claimant has failed to protect his own rights.

From all of the foregoing we conclude that the trial court committed no reversible error and that the judgment must be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.