340 P.2d 1073

**Floyd CAPPS, Plaintiff-Appellee,**

v.

**John RATCLIFF, Defendant-Appellant.**

No. 6539.

Supreme Court of New Mexico.

June 23, 1959.

Rehearing Denied July 9, 1959.

Emmett C. Hart, Tucumcari, for appellant.

Charles J. Gerhardt, Santa Rosa, for appellee.

McGHEE, Justice.

The plaintiff and defendant entered into an oral contract whereby the plaintiff was to pull the casing in an existing water well and to deepen it with an eight inch hole until stopped by the defendant.

The plaintiff claimed that he had been stopped in his work and that under the contract the defendant was indebted to him for drilling 233 feet as follows: Five feet at $2 per foot, 100 feet at $2.50 per foot, 100 feet at $3 per foot, and 28 feet at $3.50 per foot. The plaintiff further claimed that with the knowledge and acquiescence of the defendant he performed additional services as follows: Setting drilling machine $25; lowering tower $25; work on casing $30; putting windmill back over hole $80; surging well $40, and cleaning out the well after it had been shot by the defendant $55.

It was also agreed that the plaintiff would drill a second well for the defendant. He moved his machinery to the location designated by the defendant and began to drill but after drilling only a few feet the defendant ordered the work stopped. For such work the plaintiff asked the sum of $100 plus $2 tax.

The suit was based on contract and there was much testimony offered to support the claimed contract, but there was also testimony as to the value of the extra work, as well as proof to support an account stated. All this evidence was introduced without objection by either party.

The trial court found there was an account stated, the basis of which was a statement rendered by the plaintiff to the defendant for $931.75 on the first well, less a credit for a payment of $125, and for the sum of $100 plus $2 tax for setting up the rig over the second location, making the total amount due the plaintiff the sum of $908.71, for which judgment was rendered.

In his efforts to secure a reversal, the defendant urges upon us that the complaint alleged only a cause of action in contract, and that nothing was said about an account stated. He further urges upon us his contention that there is no testimony in the record to support the finding of the trial court that there was in fact an account stated.

As above indicated, there was no objection on the part of the defendant to

24

evidence introduced by the plaintiff that after a difficulty at the home of the defendant, as a result of which the parties wound up in the justice court at Santa Rosa where the defendant was charged with assault and battery, there was a conversation between the parties in which they were attempting to adjust their differences. There is testimony by the plaintiff and his brother, as well as some evidence from the Justice of the Peace in their support, that the defendant then and there acknowledged he owed the sum represented by the statement given him, and that he said he would pay it. The defendant then went to his car, according to the testimony, to get his check book and pay the account but instead of doing so he offered the plaintiff a check for only $150, and told him he could get the balance from the government. The plaintiff refused such a settlement, saying he would not look to the government, and thereafter this suit was filed.

It may be said here that there is testimony showing the United States Government would reimburse the defendant for the cost of the well under the Soil Conservation or some other program.

At the trial the defendant offered considerable testimony that he was overcharged in that the hole was not as deep as the plaintiff claimed, and that it was crooked. Also that an eight inch hole was to be drilled but instead the plaintiff drilled only a six inch hole. The plaintiff explains the latter by saying he attempted to pull the casing in the well so he could drill an eight inch hole but that it became unscrewed and he could remove only one joint thus making it impossible to drill an eight inch hole, and that the defendant told him to go ahead and drill a six inch hole inside the remainder of the casing. It is agreed that nothing was said about a different rate of compensation for drilling a six inch hole.

■ All of this, however, becomes immaterial when we examine the transcript and find ample evidence to support the finding of the trial court that there was an account stated between the parties, and that the defendant promised to pay the amount thereof. The fact that the defendant later only tendered his check for $150 of the amount and insisted that the plaintiff himself collect the balance from the government does not relieve him of liability. The evidence meets the test prescribed by our case of Leonard v. Greenleaf, 1916, 21 N.M. 180, 153 P. 807.

■ When the defendant failed to object to the testimony of the plaintiff that there was an account stated, he waived the failure of the plaintiff to so plead and under our well established rule of decision on the subject the complaint will be deemed to have been amended.

What we have said makes it unnecessary to discuss the other points raised by the defendant.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.