422 P.2d 33

**J. E. BROWN, Plaintiff-Appellee,**

v.

**George O. CORY, Defendant-Appellant.**

**No. 8027.**

Supreme Court of New Mexico.

Jan. 3, 1967.

Menig & Sager, Lawrence T. Buchmiller, Albuquerque, for appellant.

Rueckhaus & Brown, Melvyn D. Baron, Albuquerque, for appellee.

OPINION

NOBLE, Justice.

Defendant, George O. Cory, has appealed from a judgment against him based on an account stated.

The trial court found that the plaintiff, J. E. Brown, had rendered legal services to the defendant, and at defendant's request mailed statements to KVOD Radio Station, a corporation controlled by the defendant. Among others, the court further found:

"6. That statements were sent monthly by plaintiff to KVOD Radio between November, 1962 and September, 1964; that plaintiff's statements were acquiesced in by defendant Cory's failure to seek any correction.

"7. That irregular payments were made to plaintiff, some by defendant Cory, some by defendant Colorado Radio Corporation.

"8. That the charges made by plaintiff were for legal services and that there is owing to plaintiff on an account stated the sum of one thousand six hundred eighty-six and 67/100 ($1,686.67) dollars.

"9. That legal services were rendered by plaintiff to defendant, George O. Cory, individually, and that plaintiff is entitled to recover for the account stated from the defendant George O. Cory."

The court concluded that the obligation of Cory is for an account stated in the amount of $1,686.67. Defendant asserts that the conclusion is erroneous, because (1) it is not supported by the findings of fact, and (2) the court failed to find the date on which the last item of the account was rendered. The findings that an account was stated between the parties is further attacked as not supported by the evidence.

This court in Leonard v. Greenleaf, 21 N.M. 180, 153 P. 807, approved the following definition of an account stated:

"'An account which has been rendered by one to another, containing the balance which is alleged to be due, which balance is assented to or admitted to be a correct account of the debt it represents as due from the debtor[,]' "

and we there said that:

"The assent to the balance found to be due by the account stated, which may be an express promise, or one implied as a legal conclusion from a failure to object thereto within a reasonable time, creates a new and independent cause of action, * * *"

We find no merit to the contention that the court's findings fail to support the conclusion that an account was stated between the parties. It is simply supported by the proof that services were rendered, and that monthly statements were sent and not objected to. The objection that the court failed to find the date of the last item of the account, or to find various exact balances shown by such statements, is likewise without merit. The court is not required to find evidentiary facts. Rules of Civil Procedure 52(B) (a) (2) (§ 21–1–1(52) (B) (a) (2), N.M.S.A. 1953); Industrial Supply Co. v. Goen, 58 N.M. 738, 276 P.2d 509; Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700. Our examination of the record convinces us that the court's findings have substantial support in the evidence.

█ The trial court resolved a conflict in the evidence, determining that the defendant had not objected to plaintiff's statements of charges and balances due. That finding, supported by substantial evidence, is binding on this court on appeal. Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329; Graham v. Ashley, 74 N.M. 251, 392 P.2d 667. The defendant's failure to object to the amount of the bill rendered constitutes an implied assent to the balance as a legal conclusion. Leonard v. Greenleaf, supra.

█ Defendant strongly argues that the rule as to accounts stated cannot arise from failure to object to a bill for attorney services, where no agreement as to their value was entered into before the services were rendered, unless there is proof that such services were reasonable. Because the parties in this case expressly stipulated that the reasonableness of plaintiff's charges for professional legal services was not an issue, no proof of their reasonableness was offered. The question is one of first impression in this state, but because of the stipulation, the issue is not before us. We, therefore, express no opinion concerning whether such proof is required. The stipulation was tantamount to such proof.

Finding no error, the judgment appealed from is affirmed.

It is so ordered.

COMPTON, J., E. T. HENSLEY, Jr., Chief Judge, Court of Appeals, concur.