437 P.2d 705

**PANHANDLE IRRIGATION, INC., a Texas Corporation, Plaintiff-Appellant,**

v.

**Oren BATES, also known as Oren L. Bates, Defendant-Appellee.**

No. 8379.

Supreme Court of New Mexico.

Feb. 19, 1968.

Ethan K. Stevens, Clayton, Clayton & Clayton, Amarillo, Tex., for appellant.

Krehbiel, Alsup & Beck, Clayton, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

The complaint alleges that defendant is indebted to plaintiff for two items: (a) sale of a pump and motor for an irrigation well at an agreed price and (b) services performed in connection with the well. For this second item plaintiff claims $843.00 as the reasonable price of the services. The complaint combines the two items and alleges defendant is indebted to it for their total on open account.

The jury found for plaintiff in the amount of $750.00. Plaintiff appeals. It contends that once the jury found that defendant was obligated to pay something plaintiff was entitled to the full contract price because (a) there was no issue as to the amount, (b) the suit was on open account and (c) under the instructions plaintiff was entitled to either the full amount of the claim or nothing. It further contends that there is no evidence to support the award of $750.00.

*The Amount Owed.*

The answer denied all indebtedness. The answer specifically denied the paragraph of the complaint which alleged the $843.00 item as a "reasonable price." Affirmative defenses assert there was no sale of the pump and motor. The pleadings raised issues as to the amount of the claimed open account.

The evidence, both as to whether there was an open account and its amount, is conflicting. Defendant's testimony supports his defense that there had not been a sale of the pump and motor.

It is undisputed that certain services were rendered, and were rendered at defendant's request. Thus, there was a contract for services. Plaintiff's claim based on the services was a contract claim and not a claim based on quantum meruit. State ex rel. Gary v. Fireman's Fund Indemnity Co., 67 N.M. 360, 355 P.2d 291 (1960). However, the price for the services is disputed. Plaintiff's witness testified that there was no agreement as to the charge for the services; defendant testified there was an agreed price of $300.00.

There was an issue as to the amount of the alleged open account.

*Open Account.*

An open account is defined in Gentry v. Gentry, 59 N.M. 395, 285 P.2d 503 (1955), and Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295 (1942). Where there is an open account, there is a connected series of debit and credit entries. We need not decide whether the two items here are such a connected series or are separate and independent transactions. Compare Gentry v. Gentry, supra.

Where there is an open account, "there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits." Heron v. Gaylor, supra.

Although there is but one liability, the amount of the liability may be disputed. Where liability is denied, plaintiff has the burden of proving every part of the claim, including the amount of the liability. Heron v. Gaylor, supra.

Assuming that plaintiff established an open account, it still had the burden of proving the amount of the account. The amount being in dispute, plaintiff was not entitled to the full contract price on the basis that the jury found defendant liable

to plaintiff for a portion of the claimed amount of the open account.

*Instructions.*

The jury was instructed as to the issues on which the case had been tried. This instruction set forth the two items of the asserted open account—the alleged sale and the services rendered. The jury was told that plaintiff claimed $843.00 as a reasonable price for the services rendered. The jury was informed that defendant denied the material allegations of the complaint and denied all indebtedness.

Another instruction stated that the amount of the claims were not evidence but that these amounts did fix the maximum that could be awarded. The jury was given forms of verdict with a blank space left for the jury to insert the amounts of any judgment awarded to plaintiff. See § 21–8–25, N.M.S.A.1953; Sandell v. Norment, 19 N.M. 549, 145 P. 259 (1915).

Thus, these instructions informed the jury of issues concerning the sale and the price for the services rendered.

Instruction No. 3 told the jury that if they found there was a sale of the pump and motor, then their verdict should be for plaintiff in the amount of $6,265.38 (the full amount claimed for both the sale and services rendered); but if they found there was no sale, their verdict should be for defendant.

■ Neither party objected to the instruction; accordingly, we do not consider the error in including the price claimed for the services as part of the alleged sale. Section 21–1–1(51) (g), N.M.S.A.1953.

The jury was told of the issue concerning the sale and how they were to determine that issue. The jury was told there was an issue as to the price of the services but was not told on what basis they were to determine that issue. Thus, the instructions are incomplete.

■■ In case of a failure to instruct on a point of law, a correct instruction must be tendered. Section 21–1–1(51) (g), N.M. S.A.1953. Plaintiff did not tender an instruction concerning how they were to determine the price for or value of the services rendered and is not in a position to complain of incomplete instructions. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006 (1952); Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961).

Plaintiff does not complain of the instructions given or omitted; its contention is that under the instructions given it was entitled to a verdict either for the full amount claimed or nothing. Such a result could have been reached under instruction No. 3. This instruction was peremptory in that it told the jury to find for plaintiff or defendant on the basis of whether there was a sale. This instruction did not cover a verdict which found no sale but allowed a recovery for the services rendered. Instruction No. 3 did not cover all of the issues.

■ Plaintiff was not entitled to a verdict either for the full amount of its claim or nothing. Under the instructions a verdict could be rendered for plaintiff on the basis of the services rendered. This is what the jury did. This verdict is within the issues presented in the instructions.

*Evidence to Support the Award.*

■ Plaintiff contends there is no evidence to support the verdict of $750.00. The evidence is undisputed that services were performed. The evidence is in conflict as to the nature of these services and their price. Defendant testified that the services were performed pursuant to an agreement to test pump the well and that if the well proved out he would buy a pump and motor. Plaintiff's witness testified that the usual charge for test pumping in the area was $750.00 to $1000.00. This evidence supports the verdict.

The judgment on the verdict is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.