489 P.2d 885

**TABET LUMBER COMPANY, Inc.,**
**Plaintiff-Appellee,**

v.

**Peter CHALAMIDAS, Defendant-Appellant.**
**No. 698.**

Court of Appeals of New Mexico.
Oct. 1, 1971.

Ben F. Roybal, Louis Stewart, Albuquerque, for appellant.

Frederick B. Howden, Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

This appeal concerns repairs to the roof of defendant's building. Plaintiff's complaint alleged a balance due it for doing the repair work; defendant's request for affirmative relief, treated as a counterclaim, alleged the repairs were made negligently with unsuitable materials which resulted in the collapse of the roof. The trial court entered judgment in plaintiff's favor; defendant appeals. The issues concern: (1) open account and account stated; (2) attorney fees and interest; and (3) disposition of the counterclaim.

*Open account and account stated.*

■ The trial court found that defendant was indebted to plaintiff on "open account." Defendant challenges this finding and the conclusion based thereon that he is liable, asserting the evidence does not support a finding of an open account. We agree.

"Open account" is defined in Gentry v. Gentry, 59 N.M. 395, 285 P.2d 503 (1955) and Heron v. Gaylor, 46 N.M. 230, 126 P. 2d 295 (1942); see Panhandle Irrigation, Inc. v. Bates, 78 N.M. 706, 437 P.2d 705 (1968). There is no evidence of a "connected series of debit and credit entries" or a "continuation of a related series." Heron v. Gaylor, supra. Compare Cutter Flying Serv., Inc. v. Straughan Chevrolet, Inc., 80 N.M. 646, 459 P.2d 350 (1969). Nor is there evidence that the amount claimed to be due by plaintiff, and defendant's pay-

ments thereon, were intended by the parties as the beginning of a connected or related series. The evidence shows a single independent transaction; an agreement for plaintiff to make roofing repairs to defendant's building, and two payments from defendant on the resulting bill. See Goodsole v. Jeffery, 202 Mich. 201, 168 N.W. 461 (1918).

Although the finding of "open account" is erroneous because not supported by substantial evidence, this does not dispose of the question of defendant's liability. We must still determine whether the trial court reached the correct result. Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969); Scott v. Murphy Corporation, 79 N.M. 697, 448 P.2d 803 (1968).

■ The trial court also found that upon completion of the work, plaintiff presented his bill to defendant; that defendant made a partial payment and acknowledged in writing the remaining amount then owed. Substantial evidence supports this finding. This is a finding of an "account stated" as defined in Leonard v. Greenleaf, 21 N.M. 180, 153 P. 807 (1915). See Brown v. Cory, 77 N.M. 295, 422 P.2d 33 (1967); Capps v. Ratcliff, 66 N.M. 22, 340 P.2d 1073 (1959); Gordon Stores Co. v. Rubin, 39 N.M. 100, 41 P.2d 276 (1935).

■ Defendant questions the reasonableness of the amount involved. Assuming "reasonableness" of the amount involved is a defense to an account stated, see Brown v. Cory, supra, the evidence that defendant agreed to the amount is evidence of its reasonableness.

The finding of an account stated supports the conclusion that $1,274.48 was unpaid and owing and the judgment in that amount is affirmed.

### Attorney fees and interest.

■ The trial court made an award of attorney fees as part of the damages. Absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages. Riggs v. Gardikas, 78 N.M. 5, 427 P.2d 890 (1967). The authority relied on for the award is § 18–1–37, N.M.S.A.1953 (Repl. Vol. 4). This section, however, pertains to an allowance of attorney fees, as costs, in actions to recover on an open account. Since there was no open account in this case, § 18–1–37, supra, does not support the award. There being no showing of authority, the award of attorney fees is reversed.

■ The trial court awarded interest for a period beginning six months after the last payment on the account up to the date of judgment. It did so on the basis of § 50–6–3 (Fifth), N.M.S.A.1953 (Repl. Vol. 8, pt. 1). This section pertains to interest on money due on open account. Since there was no open account in this case, the interest award on the basis of an open account is erroneous and is reversed.

### Disposition of the counterclaim.

The theory of the counterclaim was negligent repair. Defendant submitted numerous requested findings on this issue, all of which were refused by the trial court. Most of the requested findings were requests for evidentiary rather than ultimate facts and may be disregarded. However, one requested finding was that the roof collapsed because of the inadequate repair job by plaintiff.

Although the requested finding directed to the asserted inadequate repair job was refused, the trial court made no affirmative findings concerning the counterclaim.

■ Defendant asserts the trial court erred in failing to make findings of fact and conclusions of law in connection with the counterclaim. He relies on § 21–1–1(52) (B) (a), N.M.S.A.1953 (Repl. Vol. 4). Under this provision, a trial court, when properly requested, is required to find the ultimate facts. It has been held that a failure to so find constitutes reversible error. Aguayo v. Village of Chama, 79 N.M. 729, 449 P.2d 331 (1969) and cases therein cited. In Aguayo, supra, although the trial court had refused requested findings, it nevertheless had "failed to find ei-

ther way" on material disputed issues. There was a reversal because of absence of findings. Aguayo, supra, if applied, would appear to require a remand in this case because, although plaintiff argues to the contrary, there are no findings by the trial court as to the counterclaim.

Aguayo, supra, and the cases cited therein, do not refer to another rule developed by the New Mexico Supreme Court. This rule is that where a party has the burden of proof on an issue and requests findings on that issue, which are refused, the legal effect of the refusal of the requested findings is a finding against that party. Lopez v. Barboa, 80 N.M. 338, 455 P.2d 842 (1969) and cases therein cited; State for Use of Thornton v. Hesselden Const. Co., 80 N.M. 121, 452 P.2d 190 (1969) and cases therein cited. Under these cases, if applied, the refusal of the requested findings concerning the counterclaim would have the effect of a finding against defendant on the counterclaim and no remand would be required because of missing findings.

We are unable to reconcile the two rules. We note that decisions not involving our present rules of civil procedure indicate that the refusal of a requested finding is not the equivalent of a direct finding to the contrary. State Nat. Bank of El Paso, Tex. v. Cantrell, 46 N.M. 268, 127 P.2d 246 (1942); Apodaca v. Lueras, 34 N.M. 121, 278 P. 197 (1929). If these two decisions are still valid, it would seem that the trial court should have made findings of fact in connection with the counterclaim.

 Since this, case must be remanded because of the erroneous award of interest and attorney fees, we apply the rule of Aguayo v. Village of Chama, supra.

Also under this point, defendant asserts the trial court erred in dismissing the counterclaim. This may have been the intended result, but the record does not show a disposition of the counterclaim. The trial court's findings and conclusions made no specific mention of the counterclaim; neither does the "Final Judgment." Once the requested findings on the counterclaim were refused, the counterclaim was ignored. The judgment entered on remand should dispose of the counterclaim.

The judgment for the account stated in the amount of $1,274.48 is affirmed. The awards of interest and attorney fees are reversed. Required findings of fact and conclusions of law concerning the counterclaim are absent and there is no judgment disposing of the counterclaim. The cause is remanded with instructions for the entry of findings and conclusions on the counterclaim and a new judgment consistent with this opinion.

It is so ordered.

SUTIN and COWAN, JJ., concur.