**HUNT PROCESS COMPANY, a partnership, Plaintiff-Appellee,**

v.

**E. E. ANDERSON, d/b/a E. E. Anderson Company, Defendant-Appellant.**

**No. 71-1370.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1972.

Charles E. Barnhart, Albuquerque, N. M. (Hannett, Hannett, Cornish & Barnhart, Albuquerque, N. M., on the brief), for plaintiff-appellee.

David R. Gallagher, Albuquerque, N. M. (Gallagher & Rudd, Albuquerque, N. M., on the brief), for defendant-appellant.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

WINNER, District Judge.

The Corps of Engineers awarded a prime contract to each of the parties for runway work at Nellis Air Force Base; and, in addition, the Air Force awarded another contract to Anderson for work at the base. Anderson was to perform concrete work, and Hunt was to deepen and seal the construction joints. Anderson ran into trouble on the job, and Hunt was employed by him to perform corrective work. By later change in the contract, some payments were made directly to Hunt by the Corps of Engineers. Payment for the portion of the corrective work not paid directly to Hunt by the Corps of Engineers is sought in this case.

The trial judge found the facts in favor of Hunt and entered judgment for $25,025.95, plus interest. Anderson admits that he owes $6,765.20 of this amount, but he contends that the case should be reversed as to the balance of the judgment because:

(a) There was no mutual running account, and the action is barred by the statute of limitations;

(b) The lower court erred in finding that there was an account stated between the parties; and

(c) The finding that the work performed by Hunt was authorized by Anderson is not supported by the evidence.

 The applicable New Mexico statute of limitations is 23–1–4 N.M.S.A., 1953, which imposes a four year limitation on actions "founded upon accounts and unwritten contracts." Defendant contends that the last work performed by plaintiff was on January 25, 1966, and that it is barred by the statute of limitations because the complaint was not filed until February 13, 1970. Plaintiff, on the other hand, says that the last entry on the account was March 18, 1966, and that the complaint was filed within the limitation period. De-

fendant argues that there were two separate contracts, and that the March 18, 1966, date cannot be used to extend the time on both contracts. Additionally, defendant says that the transactions do not constitute a mutual account and that the last entry on the account cannot be used to give life to earlier entries.

Both of these contentions were resolved against defendant by the trial judge, and we agree. The evidence supports a finding that the two jobs were intermingled by the parties in their handling, and, although defendant argues that the account entries were all in plaintiff's favor without payments being made by defendant to create offsetting entries, the evidence does not support this argument. Some payments were made, and credit memoranda were issued.

Tabet Lumber Company v. Chalamidas (1971), 83 N.M. 172, 489 P.2d 885, decided by the New Mexico Court of Appeals after the trial of this case, brings to date New Mexico law on open or mutual accounts. It was there held:

" 'Open account' is defined in Gentry v. Gentry, 59 N.M. 395, 285 P.2d 503 (1955) and Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295 (1942); see Panhandle Irrigation, Inc. v. Bates, 78 N. M. 706, 437 P.2d 705 (1968). There is no evidence of a 'connected series of debit and credit entries' or a 'continuation of a related series.' Heron v. Gaylor, supra. Compare Cutter Flying Serv., Inc. v. Straughan Chevrolet, Inc., 80 N.M. 646, 459 P.2d 350 (1969). Nor is there evidence that the amount claimed to be due by plaintiff, and defendant's payments thereon, were intended by the parties as the beginning of a connected or related series. The evidence shows a single independent transaction; an agreement for plaintiff to make roofing repairs to defendant's building, and two payments from defendant on the resulting bill. See Goodsole v. Jeffery, 202 Mich. 201, 168 N.W. 461 (1918)."

The elements missing in *Tabet* are present here. We have a record of a "connected series of debit and credit entries (and) a continuation of a related series." There is evidence "that the amount claimed to be due by plaintiff, and defendant's payments thereon, were intended by the parties as the beginning of a connected or related series." The trial court was correct in its finding that there was a mutual open account, and that the four year limitation period commenced on March 18, 1966.

■ The trial court rested its finding of an account stated on testimony in the record that defendant had orally acknowledged his indebtedness to plaintiff on several occasions, and upon an exchange of correspondence between the parties. After Anderson encountered his difficulties on the job, he made a claim against the Corps of Engineers for extra compensation. He included in his claim the amount of his indebtedness to Hunt on the open account, and plaintiff took no steps to collect the account pending the resolution of Anderson's claim by the Corps of Engineers. Finally, on July 22, 1969, plaintiff wrote Anderson saying that plaintiff had heard that the claim against the Corps had been settled, and its earlier requests for payment were repeated. Anderson responded by saying that a settlement had not been reached, and that settlement negotiations with the Corps were proceeding. At no time did Anderson deny his indebtedness to plaintiff, and, in its totality, the evidence supports the trial court's finding that Anderson admitted the debt, and that the doctrine of account stated applied. The New Mexico tests of account stated set forth in Tabet Lumber Company v. Chalamidas, supra, are adequately met in this record. This Court has said, "an account stated is an [open] account which has been examined and accepted by the parties," Federal Deposit Ins. Corp. v. Kimsey, (10 Cir. 1953) 203 F.2d 446, and here Anderson examined and accepted Hunt's account with him. Although it is probably true that the claim on the open mu-

tual account merged into the claim for account stated, the trial court allowed but one recovery, and, eliminating from consideration the question of merger, the evidence supports the trial court's findings on both theories. It is implicit in the language of *Tabet*, supra, that New Mexico law allows a single alternative recovery on both theories.

■ Lastly, defendant says that there was insufficient evidence that the agreement with plaintiff was entered into by representatives of defendant possessed of proper authority. This argument rests largely on a lack of written purchase orders, but the evidence as to waiver of any requirement for written purchase orders, and as to the authority of the persons making the oral agreements was conflicting. Under the familiar rule, those findings will not be disturbed.

Affirmed.